CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001 Telephone: 879-1133

ASHLEY SPEARS

**05-0006831**

*Plaintiff*

vs.                                                    Civil Action No. _____

UNITY HEALTH CARE INC.
3020 14TH ST., NW NW
SUITE 401            *Defendant*
WASHINGTON, DC 20009

SERVE:  CT CORPORATION SYSTEM
        1015 15TH ST, NW STE. 1000
WASHINGTON, DC 20005  **SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 9:00 a.m. and 4:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

KIM BROOKS-RODNEY
Name of Plaintiff's Attorney

1717 K STREET, NW
Address SUITE 502    WASHINGTON, DC 20036

(202)955-4529
Telephone

By _____

**06 0013**

Deputy Clerk

Date  8/16/05          8-16-05

**PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170**

**YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170**

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

Form CV(6)-456/Mar. 98

**FILED**

JAN - 5 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

ASHLEY SPEARS )
5806 Eads Street, NE )
Washington, D.C. 20019 )
)
        Plaintiff, )
  )    **05-0006831**
v. )
  )   Case No. _____
  )   Judge
UNITY HEALTH CARE INC. )   Cal. No. _____
3020 14th Street, NW )
Suite 401 )
Washington, D.C. 20009 )
)
Serve:  CT Corporation System )
      1015 15th Street, N.W. Ste. 1000 )
      Washington, DC 20005 )
)
-and- )
)
KAREN SIMON, M.D. )
4130 Hunt Place, NE )
Washington, D.C. 20019 )
)
        Defendants. )

RECEIVED
CIVIL CLERK'S OFFICE
AUG 2 6 2005
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGT... DC

## **COMPLAINT**

COMES NOW the Plaintiff Ashley Spears ("Spears"), by and through the

undersigned counsel, and makes this Complaint against Defendants Unity Health Care

Inc. ("Unity") and Karen Simon ("Simon"), M.D. In support thereof, Plaintiff Spears

alleges as follows:

### **Parties**

1.    Plaintiff Spears resides at 5806 Eads Street, NE, Washington, DC 20019.

2.    Defendant Unity is an organization that owns and operates several health

clinics throughout Washington, D.C. and whose principle place of business is located at

3020 14th Street, NW, Suite 401, Washington, D.C. 20009.

3.    Defendant Simon is a physician duly licensed to practice medicine in the District of Columbia who, at the time of the incidents giving rise to this suit, was employed by Defendant Unity.

### Jurisdiction

4.    This Court has subject matter jurisdiction over this action pursuant to § 11-921 of the D.C. Code in that the tortious conduct that forms the basis for this Complaint occurred in the District of Columbia.

5.    This Court has personal jurisdiction over Defendants Unity and Simon pursuant to § 13-423 of the D.C. Code in that Defendants Unity and Simon caused a tortious injury in the District of Columbia by an act and/or omission committed in the District of Columbia.

### Factual Background

6.    On November 22, 2004, Plaintiff Spears presented at Defendant Unity's Hunt Place Health Center facility, located at 4130 Hunt Place, S.E., Washington, D.C. 20019. The Hunt Place Health Center facility was at all times material owned and operated by Defendant Unity.

7.    At all times material hereto, Defendant Simon was working at the Hunt Place Health Center facility and was acting as an employee, agent, and/or servant of Defendant Unity.

8.    Prior to November 22, 2004, Plaintiff Spears had a history of heart disease. At all times material hereto, Plaintiff Spears was obese.

9.    On November 22, 2004, Defendant Simon prescribed Ortho Evra, an external birth control patch, for Plaintiff Spears. Defendant Simon knew, or should have

2

known that blood clots, heart attacks and stroke are life-threatening risks associated with the use of Ortho Evra.

10.    Defendant Simon knew, or should have known that Ortho Evra is ineffective for obese women. Defendant Simon knew, or should have known that Ortho Evra should not be prescribed for women with like Plaintiff Spears who have a history of heart disease and are obese.

11.    Defendant Simon failed to retrieve Plaintiff Spears' prior medical records and history before prescribing Ortho Evra for Plaintiff Spears.

12.    Defendant Simon failed to take a proper medical history from Plaintiff Spears prior to prescribing Ortho Evra for Plaintiff Spears.

13.    Defendant Simon failed to adequately warn Plaintiff Spears of the potential risks of taking Ortho Evra.

14.    Subsequent to beginning the prescribed Ortho Evra, Plaintiff Spears suffered an onset of adverse reactions, including, but not limited to severe physical and emotional damages and a pulmonary embolism.

15.    As a direct result of the Defendant Simon's negligence and Defendant Unity's negligence, by and through its agents, servants, and/or employees, and as more fully set forth above and below, Plaintiff Spears suffered severe physical and emotional injuries, including, but not limited to a pulmonary embolism that required hospitalization.

16.    As a proximate result of the Defendants Unity and Simon's negligence, by and through their agents, servants, and/or employees, and as more fully set forth above and below, Plaintiff Spears suffered and will continue to suffer from physical and emotional injury for the duration of her life.

3

17.    Plaintiff Spears' injuries were caused solely and proximately by the Defendants Unity and Simon's negligence without any contributory negligence or assumption of the risk on behalf of Plaintiff Spears.

## COUNT I
## Medical Negligence

18.    Plaintiff Spears incorporates the aforementioned facts and allegations as if fully set forth herein.

19.    At all times material hereto, Defendants Unity and Simon owed Plaintiff Spears a duty to provide care and treatment in accordance with the then-applicable standard of practice among members of the same health care profession, with similar training and experience, situated in the same or similar communities at the time of the acts or omissions giving rise to this cause of action.  Defendants Unity and Simon also owed a duty to act with reasonable prudence and to observe the standard of care of their profession.

20.    Defendants Unity and Simon owed Plaintiff Spears the duty to provide appropriate medical care including but not limited to the duty of retrieving and reviewing Plaintiff Spears' medical history and medical records; taking a sufficient patient history of Plaintiff Spears upon her presentation to the Hunt Place Health Center facility; knowing that Ortho Evra's is ineffective birth control for obese people; knowing Ortho Evra should not be prescribed for women with a history of heart disease; and adequately warning Plaintiff Spears of the risks of Ortho Evra.

4

21.    Defendants Unity and Simon breached the then-applicable standard of care and were negligent in the care and treatment of Plaintiff Spears including, but not limited to, the following:

a.    failing to retrieve and review Plaintiff Spears' medical history and prior medical records;

b.    failing to take a sufficient patient history of Plaintiff Spears upon her presentation to the Hunt Place Health Center facility;

c.    failing to know that Ortho Evra is ineffective birth control for obese women;

d.    failing to adequately warn Plaintiff Spears of the risks of Ortho Evra; and

e.    failing to know that Ortho Evra should not be prescribed for women with a history of obesity and heart disease.

22.    As a direct and proximate result of the Defendants Unity and Simon's negligence, Plaintiff Spears suffered severe physical and emotional injuries, including but not limited to, a pulmonary embolism that required hospitalization, and will continue to suffer from physical and emotional injury for the duration of her life.

23.    The injuries stated above were proximately caused by the Defendants Unity and Simon's negligence, without any contributory negligence or assumption of the risk on the part of Plaintiff Spears.

WHEREFORE, Plaintiff Spears demands judgment against the Defendants Unity and Simon based on the counts alleged herein in an amount to be determined at trial, but believed to be four million dollars ($4,000,000), plus costs and interest, and such other and further relief as this Court deems just and proper.

5

## COUNT II
### Negligent Hiring

24.    Plaintiff Spears incorporates the aforementioned facts and allegations as if fully set forth herein.

25.    Defendant Simon was an employee of Defendant Unity at all times material hereto.

26.    At the time Defendant Simon was hired as an employee by Defendant Unity she was incompetent and unfit to perform her duties.

27.    Defendant Unity knew or should have known that its employee, Defendant Simon, was incompetent and unfit to perform her duties at the time he/she was hired.

28.    On or about November 22, 2004, Defendant Simon, while employed by Defendant Unity, and while acting within the scope of that employment, negligently prescribed Ortho Evra for Plaintiff Spears.

29.    Defendant Unity knew or should have known that its employee, Defendant Simon would foreseeably come into contact with Plaintiff Spears and therefore had a duty to use reasonable care to select employees who are competent and fit to perform their duties.

30.    Defendant Unity breached this duty when it hired Defendant Simon.

31.    As a direct and proximate result of Defendant Unity's negligent hiring of Defendant Simon, Plaintiff Spears suffered injuries as set forth above.

32.    Plaintiff Spears' damages were proximately caused by Defendant Unity's negligent conduct, without any contributory negligence or assumption of risk on

her part.

WHEREFORE, Plaintiff Spears demands judgment against the Defendant Unity based on the counts alleged herein in an amount to be determined at trial, but believed to be four million dollars ($4,000,000), plus costs and interest, and such other and further relief as this Court deems just and proper.

## COUNT III
### Negligent Retention

33.    Plaintiff restates and re-alleges each and every paragraph set forth above as if fully set forth herein.

34.    Defendant Simon was an employee of Defendant Unity on or about November 22, 2004.

35.    On or about November 22, 2004, Defendant Simon was incompetent and unfit to perform her duties.

36.    Defendant Unity knew or should have known that its employee, Defendant Simon was incompetent and unfit to perform her duties.

37.    On or about November 22, 2004, while employed by Defendant Unity and while acting within the scope of that employment, Defendant Simon negligently prescribed Ortho Evra to Plaintiff Spears.

38.    Defendant Unity knew or should have known that its employee would foreseeably come into contact with Plaintiff Spears and therefore owed Plaintiff Spears a duty to use reasonable care to retain employees who are competent and fit to perform their duties.

39.    Defendant Unity breached this duty when it retained Defendant Simon as

7

45.    Defendant Unity knew or should have known that its employee would foreseeably come into contact with Plaintiff Spears and therefore owed Plaintiff Spears a duty to use reasonable care to supervise Defendant Simon.

45.    Defendant Unity breached this duty when it failed monitor, supervise, and direct Defendant Simon Defendant Simon as an employee.

46.    As a direct and proximate result of Defendant Unity's negligent supervision of Defendant Simon, Plaintiff Spears suffered injuries as set forth above.

47.    Plaintiff Spears' damages were proximately caused by Defendant Unity's negligent conduct, without any contributory negligence or assumption of risk on her part.


WHEREFORE, Plaintiff Spears respectfully demands payment of damages against Defendant Unity in an amount to be determined at trial, but believed to be four million dollars ($4,000,000.00), plus costs and interest, and any other and further relief the Court finds appropriate.


Dated: August 24, 2005                          RESPECTFULLY SUBMITTED,


                                                Kim Brooks-Rodney, # 405477
                                                Wayne R. Cohen, # 433629
                                                COHEN & COHEN, P.C.
                                                1000 Connecticut Avenue, NW
                                                Suite 502
                                                Washington, DC  20036
                                                (202) 955-4529

                                                Attorneys for Plaintiff

9

## **JURY DEMAND**

Plaintiff Spears by and through the undersigned counsel and pursuant to Rule 38 of the District of Columbia Rules of Civil Procedure, hereby demands trial by jury of all issues in this matter.

Dated:  August 14, 2005

RESPECTFULLY SUBMITTED,

Kim Brooks Rodney
Wayne R. Cohen
COHEN & COHEN, P.C.
1000 Connecticut Avenue, NW
Suite 502
Washington, DC  20036
(202) 955-4529

Attorneys for Plaintiff

11

7005 1160 0002 6597 7088

Law Offices
**COHEN & COHEN**
A Professional Corporation
1000 Connecticut Avenue, N.W.
Suite 502
Washington, D.C. 20006

O:

CT Corporation Systems
1015 15th Street, N.W.
Suite 1000
Washington, D.C. 20005

